IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CEPEDA BROUGHTON, ) | |
| ) | |
| Petitioner, ) | |
| vs. ) | Case No.   2:13-cv-00347-WMA-TMP |
| ) | |
| J.C. HOLLAND, Warden, USP-McCreary; ) | |
| and the ATTORNEY GENERAL of the ) | |
| STATE OF ALABAMA ) | |
| ) | |
| Respondent. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is an action filed by Cepeda Broughton ("Petitioner"), an Alabama state prisoner pursuant to 28 U.S.C. § 2254, challenging the constitutional validity of the convictions he received following a guilty plea in the Jefferson County District Court on July 22, 2010, for first-degree identity theft and obstruction of justice.[1]  Petitioner was sentenced to 15 years imprisonment.  That sentence was suspended, subject to 3 years of probation.  Petitioner filed his *pro se* petition for writ of *habeas corpus* on or about December 28, 2012, in the United States District Court for the Eastern District of Kentucky.[2]  It was transferred to this court on February 20, 2013.  Petitioner is incarcerated in the United States Penitentiary-McCreary, in Pine Knot,

---

[1]  All information and history has been provided by the petitioner in his *habeas* petition. The court has not been provided with formal case documentation.

[2]  Although his petition was received by the court on January 1, 2013, it was signed and dated on December 28, 2012.  Under the "prison mailbox rule," the petition is deemed filed on the day it was signed and delivered to prison authorities for mailing.  Houston v. Lack, 487 U.S. 266, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988).  Thus, it is the date on which the petition was signed that the court recognizes as the filing date.

Kentucky. It appears that Petitioner's incarceration, however, is pursuant to a federal judgment in the United States District Court for the Northern District of Georgia, rather than directly pursuant to the conviction Petitioner is challenging in this *habeas* action. In accordance with the usual practices of this court and 28 U.S.C. § 636(b), the matter was referred to the undersigned magistrate judge for a preliminary review and recommendation.

## **PROCEDURAL HISTORY**

According to Petitioner, he pleaded guilty to first-degree identity theft and obstruction of justice in the District Court for Jefferson County, Alabama. He was represented by John Robbins. On July 22, 2010, Petitioner was sentenced to 15 years imprisonment, which was suspended, and 3 years probation. Petitioner did not appeal his conviction in the Jefferson County Circuit Court. Consequently, based on the date provided by Petitioner, his conviction became final 42 days later, on September 2, 2010, when the time to appeal expired.

Petitioner does not indicate in his petition that he filed any petitions for post-conviction relief. Petitioner filed the instant petition for federal *habeas corpus* relief on December 28, 2012. He raises the claim of ineffective assistance of counsel due to: (1) counsel's alleged failure to file a notice of appeal after Petitioner instructed him to do so; and (2) counsel's alleged failure to advise Petitioner that, as a consequence of his guilty plea, he could receive an increased criminal history score under the United States Sentencing Guidelines, which may increase the length of Petitioner's sentence for any future conviction.

On January 25, 2013, Magistrate Judge Robert E. Wier entered a report and recommendation advising that the petition be transferred to this court. His recommendation was

adopted by order on February 20, 2013, and, on that same day, the instant petition was transferred to this court. Petitioner was mailed a notice of deficient pleading on July 1, 2013, and, pursuant to that order, Petitioner paid the $5.00 *habeas* filing fee on July 22, 2013. In an order filed on November 8, 2013, this court ordered Petitioner to show cause within 20 days as to why his petition should not be dismissed *sua sponte* as untimely pursuant to 18 U.S.C. § 2244(d). Petitioner has not filed any response to that order.

## **TIMELINESS**

The court may raise the issue of timeliness of the § 2254 petition on its own. See Jackson v. Secretary for the Department of Corrections, 292 F.3d 1347, 1349 (11th Cir. 2002). Indeed, the court may dismiss a *habeas* petition as untimely filed even if the Respondents waive the issue. See Day v. Crosby, 391 F.3d 1192, 1195 (11th Cir. 2004) ("A concession of timeliness by the state that is patently erroneous does not compromise the authority of a district court *sua sponte* to dismiss a habeas petition as untimely, under AEDPA."). In this case, it appears that the *habeas* petition is time-barred.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), established for the first time a one-year deadline for the filing of *habeas* actions under § 2254 challenging the validity of state criminal convictions. The one-year limitation runs from the latest of any of four dates, as set forth below:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitioner does not allege that there was a state-created impediment that prevented him from filing his *habeas* petition, or that his claim is based on newly discovered information. Petitioner does assert that the Supreme Court recently recognized a new constitutional right when deciding Martinez v. Ryan. 132 S. Ct. 1309, 182 L. Ed. 2d 272 (2012).  However, Martinez does not recognize a new right; it elaborates on the right to effective assistance of counsel in a relatively narrow set of circumstances.[3]  132 S. Ct. at 1319.  Therefore, the date at issue is the date on which Petitioner's conviction became final under § 2244(d)(1)(A).  According to the dates provided by Petitioner, he was sentenced on July 22, 2010.  Alabama Rule of Appellate

---

[3]  In Martinez, the Supreme Court determined that where state law requires ineffective assistance claims be raised in an initial-review collateral proceeding, rather than on direct appeal, Petitioner's ineffective assistance claim will not be procedurally defaulted if Petitioner was not represented by counsel in his initial-review collateral proceeding or counsel representing Petitioner in that proceeding was ineffective under the Strickland standard. 132 S. Ct. 1309, 1320, 182 L. Ed. 2d 272.  Martinez is not analogous to the instant case for several reasons.  The primary difference is that Petitioner never filed an application for collateral review and, therefore, Martinez is not applicable to his claim.

Procedure (4)(b)(1) dictates that when a judgment in a criminal case is entered in circuit court, the defendant has 42 days after pronouncement of the sentence to file his notice of appeal with the clerk of the trial court.  Petitioner's sentence became final, therefore, on September 2, 2010, the last day on which he could have timely filed a notice of appeal.[4]  Accordingly, a timely § 2254 petition could have been filed no later than September 2, 2011.  Petitioner filed his claim pursuant to 28 U.S.C. § 2254 on December 28, 2012, more than one year past the expiration of the § 2244(d) one-year limit.

According to Petitioner's § 2254 claim, he has not filed an application for State post-conviction relief or other collateral review which would toll the running of the one-year limitations period under § 2244(d)(2).  Further, Petitioner has not offered any evidence that his claim is subject to equitable tolling.  Petitioner has not claimed that he "untimely file[d] because of extraordinary circumstances that [were] both beyond his control and unavoidable even with diligence."  Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999).  Even if Petitioner's attorney did render ineffective assistance, as Petitioner claims, that ineffective assistance did not prevent Petitioner from filing an application for State post-conviction relief under Rule 32, and it did not prevent Petitioner from timely filing the instant *habeas* petition.

---

[4]  Petitioner cites Martinez v. Ryan in his attempt to show that his petition is timely.  132 S. Ct. 1309, 182 L. Ed. 2d 272.  However, Martinez does not extend the time limit put in place by § 2244(d)(1), does not recognize a new constitutional right, and does not appear to be retroactively applicable.

## RECOMMENDATION

Accordingly, for the reasons stated above, the magistrate judge hereby RECOMMENDS that the petition for writ of *habeas corpus* under 28 U.S.C. § 2254 be DENIED and DISMISSED WITH PREJUDICE.

## NOTICE OF RIGHT TO OBJECT

Any party who objects to this report and recommendation must, within fourteen (14) days of the date on which it is entered, file specific written objections with the clerk of this court. **Any objections to the failure of the magistrate judge to address any contention raised in the petition also must be included.** Failure to do so will bar any later challenge or review of the factual findings **or legal conclusions** of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985), reh'g denied, 474 U.S. 1111, 106 S. Ct. 899, 88 L. Ed.2d 933 (1986); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. 1982) (*en banc*). In order to challenge the findings of the magistrate judge, a party must file with the clerk of the court written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection. A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge shall make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge. The district judge, however, need conduct a hearing only in his discretion or if required by law, and may

consider the record developed before the magistrate judge, making his own determination on the basis of that record. The district judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Objections not meeting the specificity requirement set out above will not be considered by a district judge.

A party may not appeal a magistrate judge's recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a district judge.

DONE this 9th day of December, 2013.

T. MICHAEL PUTNAM
U.S. MAGISTRATE JUDGE